NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3850
_____

TIMOTHY SIFFEL;
WENDY SIFFEL,
Individually & as Husband and Wife,
Appellants

v.

NFM, INC.; GREG PETERSON,
d/b/a NFM, Inc.; COUNTRYWIDE HOME LOANS INC.,
d/b/a America's Wholesale Lender

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-05152)
District Judge: Honorable John P. Fullam

_____

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2010

Before:  RENDELL, JORDAN and GREENAWAY, JR. Circuit Judges.

(Filed:  July 13, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Timothy and Wendy Siffel appeal the District Court's grant of summary judgment

in favor of defendant Countrywide Home Loans, Inc.[1] The Siffels claim that Countrywide violated the Truth in Lending Act ("TILA") by not providing them each with two copies of the notice of their right to rescind their mortgage agreement. On appeal, the Siffels urge that the District Court erred in granting summary judgment in favor of Countrywide because there is a disputed issue of fact as to whether they received the required copies of the notice.[2]

In 2006, the Siffels refinanced their mortgage loan with Countrywide. Under TILA, the Siffels had a right to rescind this agreement within three days. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). TILA mandates that lenders provide each borrower with "two copies of the notice of the right to rescind." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1). The signed loan agreement included a "Notice of Right to Cancel" section, in which the Siffels acknowledged that they had each received two copies of the required written notice of their right to rescind. The Siffels did not rescind the agreement within three days.

Before the District Court, the Siffels claimed that Countrywide violated TILA by not providing them each with two copies of the notice of their right to rescind - a total of

---

[1] The original Complaint also named NFM, Inc. and Greg Peters as defendants. The District Court granted summary judgment for the defendants on numerous additional counts, which were not raised on appeal. The only claim raised in this appeal is against the lender, Countrywide Home Loans, Inc.

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. §1291.

2

four copies. On appeal, the Siffels contend that three of these copies "do not exist" because Countrywide only produced as evidence a "singular Notice," but "did not produce the other three notices . . . as is its burden on summary judgment."[3] Appellants' Br. 11, 13. The Siffels urge that, because Countrywide attached only one notice of the right to rescind to its Motion for Summary Judgment, there is an issue of material fact as to whether they each received two copies of the notice.

However, when borrowers sign a document acknowledging receipt of notice, as here, there is a rebuttable presumption that the lender provided the required notice. 15 U.S.C. § 1635(c). Furthermore, Mr. Siffel testified in a deposition that when he signed the loan agreement it included an acknowledgment that each borrower, he and his wife, received two copies of the notice of their right to cancel.[4] Mr. Siffel testified that:

> Q: And two lines above your signature, there's the language, the undersigned each acknowledge receipt of two copies of notice of right to cancel and one copy of the Federal Truth in Lending Disclosure Statement. Do you see that, sir?
> A: Yes.
> Q: Did you read that at the time?
> A: Yes.
> Q: And was that true, sir?
> A: I'm sorry?
> Q: Was that true?
> A: As far as?
> Q: The language I just read.
> A: Yes, yes it is.
> Q: And it was true on November the 28th?

---

[3] The Siffels cite no authority to support this contention.

[4] The Siffels did not previously claim, as they do on appeal, that Mr. Siffel was confused by the questions during the deposition.

A: Yes, sir.

Appellant Dep. at 87-89.

The District Court found that the Siffels provided no evidence to rebut the presumption that they received the required notices. We agree. Therefore, we will affirm the District Court's grant of summary judgment.